HAYNES, Circuit Judge,
specially concurring:
Using only the language of the Guideline, it would seem that Nevares-Bustamante “unlawfully remained in the United States” after a qualifying conviction. U.S.S.G. § 2L1.2(b)(l)(A). He was convicted of a “crime of violence,” he was discharged from prison, and he “remained” in the United States — without any permission from the Attorney General or any other semblance of legal authority — for almost a year after his release. If we could stop there, we would likely affirm.
What causes this case to be more complex is the language of the application note: “[a] defendant shall be considered to have unlawfully remained in the United States if the defendant remained in the United States following a removal order issued after a conviction, regardless of whether the removal order was in response to the conviction.” Id. § 2L1.2 cmt. n. l(A)(iii). I agree that Nevares-Bustamante did not “remain” in the United States following the issuance or reinstatement of a removal order; he left each time he previously was ordered removed, returning only later. Thus, under the application note, we should reverse.
Faced with two potentially contradictory outcomes, we must decide whether the application note is authoritative here. Stinson holds that commentary such as the application note are authoritative unless “inconsistent with, or a plainly erroneous reading of’ the Guideline. See Stinson v. United States, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). The question then becomes whether the note is, in fact, inconsistent with or a plainly erroneous reading of the Guideline.
I conclude that it is not. As construed by the majority opinion, the application note provides a definition of “unlawfully remained” that is consonant with the Guideline, objective, and relatively easy to verify. Requiring the issuance or reinstatement of a removal order also avoids the necessity of mining the murky depths of immigration law to determine the “unlawfulness” of a defendant’s “remaining.” As such, I cannot find the application note to be “inconsistent” or “plainly erroneous,” although I do find it somewhat conceptually incongruous with a commonsense understanding of what it means to “unlawfully remain in the United States” after a conviction. Mindful of Stinson’s teaching, however, I am obliged to concur in the majority’s opinion.[1]

. Stinson also provides that Guidelines commentary "is authoritative unless it violates the Constitution or a federal statute." 508 U.S. at 38, 113 S.Ct. 1913. The Government made no argument that the application note runs afoul of this aspect of Stinson’s holding. Accordingly, neither the majority opinion nor this concurrence addresses whether the application note at issue here may "violated the Constitution or a federal statute.” Id.